**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ROBERT SULLIVANT JR.,**                                                                        **PLAINTIFF**


**v.**                                                                                          **CAUSE NO. 3:25-cv-289-SA-JMV**

**SWAYZE ALFORD, JUDGE ROBERT
WHITWELL, DR. FRANK PERKINS, MIKE
ROBERTS, HALE FREELAND, JUDGE
LAWRENCE LITTLE, HOLCOMB DUNBAR,
PLLC., and
JOHN AND JANE DOES 1-10**                                                          **DEFENDANTS**

---

**ANSWER AND DEFENSES OF DR. FRANK PERKINS
AND COUNTERCLAIM OF DR. FRANK PERKINS**

---

**COMES NOW**, Dr. Frank Perkins, by and through his attorney, and files this his answer and counterclaim. In support thereof, he would show:


**<u>AFFIRMATIVE DEFENSES</u>**

1. The Complaint fails to state a claim upon which relief can be granted, and it should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. The complaint is barred by principles of collateral estoppel and res judicata.

3. The complaint fails to meet the predicate requirements of 18 U.S.C. § 1961 or the requirements of Rule 83.8 of the Rules of Court for the Northern District of Mississippi by failing to allege any unlawful act, a basis of liability for each defendant, how each victim was injured by any unlawful act, any pattern of racketeering activity, a list of

predicate acts, the dates each predicate act occurred, the circumstances constituting fraud, the enterprise for each RICO claim, the structure, purpose, and course of conduct of the enterprise, any benefit the alleged enterprise received from the alleged racketeering activity, or to provide any Federal Cause of Action.

4. Dr. Frank Perkins is immune from these claims based upon the Chancery Court proceedings.

5. Dr. Frank Perkins owed no duty toward Robert Sullivant, Jr. to be liable for the claims stated herein.

6. Federal Rules of Civil Procedure 9(b) mandates that all averments of **fraud or mistake must be stated with particularity**, including the circumstances, time, place, and contents of any alleged false representation or conduct. Plaintiff Robert Sullivant, Jr. has failed to meet this requirement in the complaint.

7. Although denying that the Plaintiff is entitled to punitive damages, or any relief whatsoever, as against this Defendant, the Defendant would affirmatively plead:

   a. An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution.

   b. No legislation has been enacted authorizing punitive damages in a civil action such as this or placing any limit on the amount of punitive damages available.

   c. An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution.

2

d.  The criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise, and inconsistent and are therefore in violation of the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution. Defendant affirmatively pleads and incorporates herein the protections and guidelines outlined in *State Farm Mutual Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); *Berry v. Auto Ins. Co.*, 2014 U.S. Dist. LEXIS 58622 (S.D. Miss. April 28, 2014); *Hopson v. Chase Home Fin., LLC*, 2014 U.S. Dist. LEXIS 50353 (S.D. Miss. April 11, 2014); *Cecil v. Smith*, 2014 U.S. Dist. LEXIS 49034 (N.D. Miss. April 9, 2014); *M Street Investments, Inc. v. Zurich American Ins. Co.*, 2014 U.S. Dist. LEXIS 42096 (S.D. Miss. March 28, 2014); and *Nationwide Mut. Ins. Co. v. Evanston Ins. Co.*, 2014 U.S. Dist. LEXIS (S.D. Miss. March 26, 2014);

e.  An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution and of Section 28 of the Mississippi Constitution.

f.  An award of punitive damages in this civil action would violate the equal protection provisions of the Fourteenth Amendment in that such a sanction is discriminatory and arbitrary in penalizing the Defendant based on wealth or assets.

g.  To the extent that the Defendant is subjected to a criminal sanction through punitive damages, the burden of proof required to impose the same should be proved "beyond a reasonable doubt," and punitive damages should not be awarded without affording this Defendant the full range of criminal procedural

3

safeguards afforded by the Fourth, Fifth, and Sixth Amendments to the United States Constitution;

h. An award of punitive damages would violate Article 1, Section X of the United States Constitution.

i. An award of punitive damages in this civil action would violate similar and related provisions, as noted above, of the Constitution of the State of Mississippi; and

j. The Defendant affirmatively invokes the provisions of Miss. Code Ann. § 11-1-65 and affirmatively avers that Plaintiff has failed to meet the evidentiary criteria set forth therein.

8. The Defendant reserves the right to affirmatively plead any other defenses and affirmative defenses available to him which may become applicable through discovery and during the trial of this cause.

9. The Court should strike the unsubstantiated, impertinent, or scandalous allegations contained in the complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

**<u>ANSWER</u>**

Having asserted his affirmative defenses, Dr. Frank Perkins submits this as his response to the allegations contained in the complaint.

1. This is a suit against Dr. Frank Perkins, who rendered an opinion regarding the Plaintiff Robert Sullivant, Jr.'s father's capacity in a conservatorship proceeding. Unhappy with the Chancery Court's findings, the Plaintiff, Robert Sullivant, Jr., issued a subpoena after trial upon Dr. Perkins, who retained J. Hale Freeland as his attorney after he had been served with the subpoena. The Chancery Court of

Lafayette County, Mississippi, struck Plaintiff Robert Sullivant, Jr.'s subpoena on the appellee's motion because he failed to follow the Mississippi Rules of Civil Procedure in issuing a subpoena to the appellee's client, who was an expert witness. (Lafayette Co. Chancery No. 21-612, Doc 132, & 143).

2. The allegations contained in paragraph two are denied. The allegations contained in the complaint, asserting an alleged RICO Claim arising under 19 U.S.C. § 1961, fails to comply with Rule 83.8 of the Rules for the Northern District of Mississippi for the assertion of a RICO claim, and failed to allege the predicate requirements for a claim arising under 42 U.S.C. § 1983. Accordingly, the complaint should be dismissed, and assertions should be assessed against the Plaintiff Robert Sullivant Jr. pursuant to Fed. R. Civ. P. 11, Rule 83.8 N.D. Miss., 42 U.S.C. § 1988, 28 U.S.C. § 1927.

3. The allegations contained in paragraph three are denied.

4. The allegations in paragraph four are denied.

5. The allegations in paragraph five are denied.

6. The allegations in paragraph six are denied.

7. Dr. Frank Perkins admits only that Robert Sullivant, Jr. is an individual. The remaining allegations contained in paragraph seven are denied.

8. The allegations contained in paragraph eight are denied.

9. The allegations contained in paragraph nine are denied.

10. The allegations contained in paragraph ten are denied.

11. The allegations contained in paragraph eleven are denied.

12. The allegations contained in paragraph twelve are denied.

5

13. The allegations contained in paragraph thirteen are denied.

14. The allegations contained in paragraph fourteen are denied.

15. The allegations contained in paragraph fifteen are denied.

16. The allegations contained in paragraph sixteen are denied.

17. Dr. Frank Perkins is without knowledge of the allegations contained in paragraph seventeen, which do not pertain to him; accordingly, those allegations are denied.

18. Dr. Frank Perkins is without knowledge of the allegations contained in paragraph eighteen, which do not pertain to him; accordingly, those allegations are denied.

19. The allegations contained in paragraph nineteen are denied.

20. The allegations contained in paragraph twenty are denied.

21. The allegations contained in paragraph twenty-one are denied.

22. The allegations contained in paragraph twenty-two are denied.

23. The allegations contained in paragraph twenty-three are denied.

24. The allegations contained in paragraph twenty-four are denied.

25. The allegations contained in paragraph twenty-five are denied.

26. The allegations contained in paragraph twenty-six are admitted.

27. The allegations contained in paragraph twenty-seven are denied.

28. The allegations contained in paragraph twenty-eight are denied.

29. The allegations contained in paragraph twenty-nine are denied.

30. The allegations contained in paragraph thirty are denied.

31. The allegations contained in paragraph thirty-one are denied.

32. The allegations contained in paragraph thirty-two are denied.

33. The allegations contained in paragraph thirty-three are denied.

34. The allegations contained in paragraph thirty-four are denied.

35. The allegations contained in paragraph thirty-five are denied.

36. The allegations contained in paragraph thirty-six and its subparts are denied.

    a. The allegations contained in the second numbered paragraph thirty-four on page 12 of the complaint and its subparts are denied.

    b. The allegations contained in the second numbered paragraph thirty-five on page 13 of the complaint and its subparts are denied.

    c. The allegations contained in the second numbered paragraph thirty-six on pages 13-14 of the complaint and its subparts are denied.

37. The allegations contained in paragraph thirty-seven are denied.

38. The allegations contained in paragraph thirty-eight are denied.

39. The allegations contained in paragraph thirty-nine are denied.

40. The allegations contained in paragraph forty are denied.

41. The allegations contained in paragraph forty-one are denied.

42. The allegations contained in paragraph forty-two are denied.

43. The allegations contained in paragraph forty-three are denied.

44. The allegations contained in paragraph forty-four are denied.

45. The allegations contained in paragraph forty-five are denied.

46. The allegations contained in paragraph forty-six are denied.

47. The allegations contained in paragraph forty-seven are denied.

48. The allegations contained in paragraph forty-eight are denied.

49. The allegations contained in paragraph forty-nine are denied.

50. The allegations contained in paragraph fifty are denied.

51. The allegations contained in paragraph fifty-one are denied.

52. The allegations contained in paragraph fifty-two are denied.

53. The allegations contained in paragraph fifty-three are denied.

54. The allegations contained in paragraph fifty-four are denied.

55. The allegations contained in paragraph fifty-five are denied.

56. The allegations contained in paragraph fifty-six are denied.

57. The allegations contained in paragraph fifty-seven are denied.

58. The allegations contained in paragraph fifty-eight are denied.

59. The allegations contained in paragraph fifty-nine are denied.

60. The allegations contained in paragraph sixty are denied.

61. The allegations contained in paragraph sixty-one are denied.

62. The allegations contained in paragraph sixty-two are denied.

63. The allegations contained in paragraph sixty-three are denied.

64. The allegations contained in paragraph sixty-four are denied.

65. The allegations contained in paragraph sixty-five are denied.

66. The allegations contained in paragraph sixty-six are denied.

67. The allegations contained in paragraph sixty-seven are denied.

68. The allegations contained in paragraph sixty-eight are denied.

69. The allegations contained in paragraph sixty-nine are denied

70. The allegations contained in paragraph seventy are denied.

71. The allegations contained in paragraph seventy-one are denied.

72. The allegations contained in paragraph seventy-two are denied. The Plaintiff is not entitled to any relief whatsoever.

73. The allegations contained in paragraph seventy-three are denied.

74. The allegations contained in paragraph seventy-four are denied.

75. The allegations contained in paragraph seventy-five are denied.

76. The allegations contained in paragraph seventy-six are denied. The Plaintiff is not entitled to any relief whatsoever.

77. The allegations contained in paragraph seventy-seven are denied.

78. The allegations contained in paragraph seventy-eight and its subparts are denied. The Plaintiff is not entitled to any relief whatsoever.

79. The allegations contained in paragraph seventy-nine are denied.

80. The allegations contained in paragraph eighty are denied. The Plaintiff is not entitled to any relief whatsoever.

81. The allegations contained in paragraph eighty-one are denied.

82. The allegations contained in paragraph eighty-two are denied.

83. The allegations contained in paragraph eighty-three are denied.

84. The allegations contained in paragraph eighty-four are denied.

85. The allegations contained in paragraph eighty-five are denied, as well as those previously denied.

86. The allegations contained in paragraph eighty-six are denied.

87. The allegations contained in paragraph eighty-seven and its subparts are denied. The Plaintiff is not entitled to any relief whatsoever.

88. The allegations contained in paragraph eighty-eight and its subparts are denied. The Plaintiff is not entitled to any relief whatsoever.

89. The allegations contained in paragraph eighty-nine and its subparts are denied. The Plaintiff is not entitled to any relief whatsoever.

90. The allegations contained in paragraph ninety are denied.

91. The allegations contained in paragraph ninety-one are denied.

92. The allegations contained in paragraph ninety-two are denied. The Plaintiff is not entitled to any relief whatsoever.

93. The allegations contained in paragraph one of the Plaintiff's prayer for relief are denied. The Plaintiff is not entitled to any relief whatsoever.

94. The allegations contained in paragraph two of the Plaintiff's prayer for relief are denied. The Plaintiff is not entitled to any relief whatsoever.

95. The allegations contained in paragraph three of the Plaintiff's prayer for relief are denied. The Plaintiff is not entitled to any relief whatsoever.

96. The allegations contained in paragraph four of the Plaintiff's prayer for relief are denied. The Plaintiff is not entitled to any relief whatsoever.

97. The allegations contained in paragraph five of the Plaintiff's prayer for relief are denied. The Plaintiff is not entitled to any relief whatsoever.

98. The allegations contained in paragraph six of the Plaintiff's prayer for relief are denied. The Plaintiff is not entitled to any relief whatsoever.

99. The allegations contained in paragraph seven of the Plaintiff's prayer for relief are denied. The Plaintiff is not entitled to any relief whatsoever.

100. The allegations contained in paragraph eight of the Plaintiff's prayer for relief are denied. The Plaintiff is not entitled to any relief whatsoever.

**COUNTERCLAIM**

Having addressed the allegations contained in the complaint, Dr. Perkins asserts as his counterclaim:

101. The allegations contained in paragraph two are denied. The allegations in the complaint that attempt to assert a RICO Claim arising under 19 U.S.C. § 1961 fails to comply with Rule 83.8 of the Rules for the Northern District of Mississippi for the assertion of a RICO claim and failed to allege the predicate requirements for a claim arising under 42 U.S.C. § 1983. Accordingly, the complaint should be dismissed, and assertions should be assessed against the Plaintiff Robert Sullivant Jr. pursuant to Fed. R. Civ. P. 11, Rule 83.8 N.D. Miss., 42 U.S.C. § 1988, 28 U.S.C. § 1927.

102. Other than Plaintiff Sullivant, Jr.'s conjecture, all the complaint can point to is that Dr. Frank Perkins was retained by the Chancery Court of Lafayette County as an expert to evaluate Robert Sullivant, Sr. in a conservatorship proceeding, and that he testified there and successfully quashed a subpoena served upon him.

103. The Complaint failed to make an allegation that Dr. Perkins acted under color of state law required for a proceeding under 42 U.S.C. 1983.

104. Defendant Dr. Frank Perkins owed no duty to Plaintiff Sullivant, Jr. Absent some duty, he can have no such claim.

105. Having had two chancery judges, a circuit court, and the Mississippi Court of Appeals deny him the relief based upon what occurred in Chancery Court, with the Chancery Court, Circuit Court of Lafayette County, and the Mississippi Court of Appeals sanctioning Robert Sullivant, Jr., Plaintiff Robert Sullivant, Jr.'s

11

response is to file these proceedings before yet another judge in Federal Court, hoping to find a judge who might agree with his unsubstantiated allegations and frivolous claims. Having been denied by three judges, two chancellors, one circuit judge, and an appellant Court, Plaintiff Sullivant, Jr. seeks to now have another judge grant him relief, which lacks any authority from which it might even be considered.

106. Plaintiff Robert Sullivant, Jr. will not listen to counsel - he has had two attorneys he discharged in chancery court - or courts, and he holds those who challenge him with contempt, asserting insulting ad hominem arguments, based upon his conjecture and speculation of the actions and motives of others. Everyone else has had to bear the costs of Plaintiff Robert Sullivant, Jr.'s behavior.

107. The Complaint is unsupportable factually or by any reading of the applicable case law and has been resolved by other courts against him. Nevertheless, ignoring the admonition of the court that his allegations are frivolous, Plaintiff Robert Sullivant Jr. pursues these court filings that have lacked and continue to lack any chance of success.

108. Plaintiff Robert Sullivant, Jr. has filed this action solely as a method of forum shopping after his claims and complaints have been heard and resolved against him, which results only as a basis to harass the Defendants and needlessly cause each to incur attorneys' fees.

109. Pro-se litigants are bound by the same rules as represented parties.

110. Federal Courts award attorneys' fees pursuant to 42 U.S.C §1988, for a frivolous complaint, which lacks a reasonable chance of success.

12

111. Plaintiff Robert Sullivant, Jr. so multiplied these proceeds, unreasonably and vexatiously, causing excess costs. Expense and attorney fees incurred by Defendant Frank Perkins, as a result, should be assessed and satisfied by the Plaintiff, pursuant to 28 U.S.C § 1927.

112. The Mississippi Litigation Accountability Act, Miss. Code. Ann. § 11-55-1-11-55-15, provides that an attorney's fee may be awarded in any action "that is frivolous, groundless in fact or in law, or vexatious, as determined by the court." Id. 11-55-3(a). Plaintiff Robert Sullivant Jr. has shown a pattern of harassing and filing unsubstantiated and inflammatory accusations in pleadings without a basis in fact or in law, and this suit is just one more example.

WHEREFORE, PREMISES CONSIDERED, the Court should award the costs, expenses, and attorney's fees Dr. Frank Perkins has incurred in these proceedings and enjoin Plaintiff Robert Sullivant Jr. from filing any other proceeding related to these allegations, as well as enjoin him from filing any proceeding before this Court until his having paid for the fees, costs, and sanctions assessed by the Court.

RESPECTFULLY SUBMITTED, this, the 28th day of October, 2025.

DR. FRANK PERKINS

BY: FREELAND MARTZ, PLLC

BY: /s/ J. Hale Freeland
J. Hale Freeland, Esq., MSB No. 5525
FREELAND MARTZ PLLC
302 Enterprise Dr., Suite A
Oxford, MS 38655
(662) 234-1711
hale@freelandmartz.com

13

Prepared by:

J. Hale Freeland, MSB No. 5525
FREELAND MARTZ PLLC
302 Enterprise Drive, Suite A
Oxford, MS 38655
(662) 234-1711
hale@freelandmartz.com

## CERTIFICATE OF SERVICE

I, J. Hale Freeland, attorney for Dr. Frank Perkins, hereby certify that I have on this date filed the above and foregoing Answer via ECF, which provides copies to all counsel of record.

In addition, I have caused the document to be sent by electronic mail to Robert Sullivant Jr. at robert@steelandbarn.com.

This, the 28th day of October, 2025.

/s/ J. Hale Freeland
J. HALE FREELAND