RECEIVED

NOV 17 2025

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

ROBERT SULLIVANT JR.,

        Plaintiff,

v.

SWAYZE ALFORD, JUDGE ROBERT WHITWELL,
DR. FRANK PERKINS, MIKE ROBERTS,
HALE FREELAND, JUDGE LAWRENCE LITTLE,
HOLCOMB DUNBAR, PLLC, and
JOHN AND JANE DOES 1–10,

        Defendants.

Case No.: 25-cv-00289-MPM-JMV

## PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIM OF DEFENDANT DR. FRANK PERKINS

Plaintiff Robert Sullivant Jr., ("plaintiff") acting pro se, comes now pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and requests that this Court dismiss the counterclaim of defendant Dr. Frank Perkins ("defendant" or "Perkins").

As an initial matter, it is important to point out that Perkins' counterclaim is a *direct copy and paste* of the counterclaim of Defendant Hale Freeland, who is both self-represented and representing Perkins in this matter. There is absolutely no difference between the two counterclaims, they are identical. Accordingly, this Motion submitted by the plaintiff will mirror the Motion to Dismiss the Counterclaims of Defendant Hale Freeland as the exact same standards and arguments apply with only minimal adjustments.

1

That being said, defendant's "counterclaim" not only legally fails to state a claim, it technically does not even attempt to do so. There is no "claim" or cause of action asserted against the plaintiff in the defendant's "counterclaim." Rather, the counterclaim consists of nothing more than denials of allegations within the plaintiff's complaint and incoherent rants against the plaintiff which essentially amount to nothing more than the defendant scolding the plaintiff in rambling fashion. At the end of this diatribe, defendant absurdly demands costs, expenses and attorney's fees; and an injunction barring the plaintiff access to the courts until Perkins is paid attorney's fees. However, again, at no point does Perkins actually state a claim and this motion should be granted accordingly.

## I. PROCEDURAL BACKGROUND

Proceedings in this matter are in their infancy. Plaintiff filed his complaint against the defendants on September 29, 2025 (Dkt 1). The complaint alleges numerous RICO violations and violations of state law undertaken by the defendants against the plaintiff. On October 28, 2025, defendant Perkins filed an answer to the complaint with "counterclaims." (Dkt 8).

Plaintiff now comes forth and requests that Freeland's counterclaims be dismissed with prejudice pursuant to Fed. R. Civ. Proc. 12(b)(6).

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 8(a)

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." The Fifth Circuit has held that "the same Rule 8(a) pleading standards apply to counterclaims and affirmative defenses." *Deniece Design, LLC v. Braun*, 953 F. Supp. 2d 765 (S.D. Tex. 2013).

2

**B.     Federal Rule of Civil Procedure 12(b)(6)**

A complaint attacked by Rule 12(b)(6) requires the plaintiff to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007). ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). *Id.*

### III. ARGUMENT

### 1. Perkins' "Counterclaim" Does Not Even Attempt to State A Claim

The "counterclaim" submitted by the defendant makes no mention of an actual cause of action against the plaintiff. Rather, it contains a series of denials as to the allegations in the complaint, misstates the law, and advances completely irrelevant assertions.

For example, Perkins' counterclaim states that:

- "[T]he allegations contained in paragraph two are denied." (Dkt 8, ¶ 101).

- "Other than Plaintiff Sullivant, Jr.'s conjecture, all the complaint can point to is Hale Freeland successfully quashed a subpoena served upon Dr. Frank Perkins and obtained sanctions in the form of an attorney's fee..." (Id., ¶ 102).

- "The Complaint failed to make an allegation that Hale Freeland acted under color of state law required for a proceeding under 42 U.S.C. 1983." (Id., ¶ 103).

- "The Complaint is unsupportable factually or by any reading of the applicable caselaw and has been resolved by other courts against him." (Id., ¶ 107).

3

These are clear denials as to the plaintiff's complaint; they are not separate allegations stating an independent claim.

Next, Perkins asserts that he "had no duty to Plaintiff Robert Sullivant, Jr. Absent some duty, he can have no such claim." (Dkt 8, ¶ 104.) However, this can only be read as some form of affirmative defense or denial to the complaint, not a factual allegation. It is worth noting, however, that none of allegations against Perkins in the complaint hinge on whether or not he owed a duty to the plaintiff.

Perkins continues with his "counterclaim" by arguing that plaintiff is "hoping to find a judge who might agree with his unsubstantiated allegations and frivolous claims." (Id., ¶ 105.) This is pure conjecture and meant solely to disparage the plaintiff. It is not a factual allegation supporting a cause of action. Perkins' rant continues, as he goes on to state that:

- "Plaintiff Robert Sullivant, Jr. will not listen to counsel." (Id., ¶ 106).

- "Plaintiff Robert Sullivant, Jr. has filed this action solely as a method of forum shopping…" (Id., ¶ 108).

- "Pro-se litigants are bound by the same rules as represented parties." (Id., ¶ 109.)

None of the forgoing statements create a cause of action or state a claim for independent relief against the plaintiff. The remainder of Perkins' "counterclaim" also does nothing to state a claim against the plaintiff. Perkins merely cites to 42 U.S.C § 1988 for the proposition that "[F]ederal Courts award attorneys' fees pursuant to 42 U.S.C §1988 for a frivolous complaint, which lacks a reasonable chance of success." (Dkt 8, ¶ 110.) Notwithstanding that this law has no application to the case at this stage, Perkins also incorrectly quotes the law. The law which he points to does not provide attorney's fees for complaints which "lack a reasonable chance of

4

success." Rather, 42 U.S.C § 1988 permits that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs..." 42 U.S.C § 1998(b). Perkins is obviously not a "prevailing party" at this stage. In fact, he did not even attempt to have the case against him dismissed.

Perkins than cites to the Mississippi Litigation Accountability Act to argue that "an attorney's fee may be awarded in any action that is frivolous, groundless in fact or in law, or vexatious, as defined by the court." (Dkt 8, ¶ 112). However, Perkins fails to consider that section 11-55-5 of the Mississippi Litigation Accountability Act makes clear that the Act applies to "any civil action commenced or appealed in any court of record in this state." (§ 11-55-5(1).) It does not apply to actions filed in federal court (see *Jesus v. Lamar Co.*, No. 122CV00209HSOBWR, 2022 WL 10585511, at *3 (S.D. Miss. Oct. 18, 2022) "to the extent the Act provides only a procedural rule, it would not apply to pleadings filed in federal court.") *See* also *Moore v. Oliver*, No. 3:17-CV-408-DPJ-FKB, 2018 WL 5289906, at *3 (S.D. Miss. Oct. 24, 2018) "federal law, rather than state law, invariably governs procedural matters in federal courts."

Perkins' concludes his counterclaim by asking the Court to "award the costs, expenses, and the time in the form of attorney's fees Dr. Frank Perkins has incurred in these proceedings and enjoin Plaintiff Robert Sullivant Jr. from filing any other proceeding related to these allegations, as well as enjoin him from filing any proceeding before this Court until his having paid for the fees, costs, and sanctions assessed by the Court." (Dkt 8, p. 14). Here, Perkins' actually demands, with no basis in the law, no basis in any fact, and no ruling from this court on any matter; that the court *bar the plaintiff from prosecuting this action until Perkins is paid.* This request is striking. Perkins appears to believe that he is still in Chancery Court, where attempts to

5

financially extort the plaintiff and deprive of him of his speech and the ability to present evidence without any legal authority or legal basis have been resoundingly successful.

The defendant's counterclaim does not provide any avenue for independent relief nor does it state "an independent cause of action" upon which relief could be granted. As a matter of law, the "counterclaim is improper because it presents no new controversy and seeks only to resolve disputes already pending before the Court." *United States Fid. & Guar. Co. v. Hood*, No. 3:08-CV-1320-P, 2009 WL 10678433 (N.D. Tex. June 15, 2009). Perkins' "counterclaim" should be rejected and dismissed as it also "fails to state any affirmative relief beyond what is stated in its defense" and the counterclaim is merely "a restatement of it's defenses." *Id.*

Finally, in *JP Morgan Chase Bank v. State Bank*, No. CIV.A. H-09-2520, 2009 WL 3570841, at *2 (S.D. Tex. Oct. 26, 2009) the defendant, "in their answers to the complaint also filed counterclaims against [plaintiff] for attorney's fees." The court, in considering the plaintiff's motion to dismiss the counterclaims, ruled that "[T]he case law is well settled that motions for sanctions are not independent causes of action." As is the case here, the Court in *JP Morgan Chase Bank* also pointed out just before granting the plaintiff's motion to dismiss that "Defendants' counterclaims are nothing more than improperly pled motions for sanctions." *Id.*

This case mirrors the foregoing case in precise fashion. Perkins' counterclaim is at best "nothing more than an improperly pled motion for sanctions." Additionally, Perkins misinterprets federal law and erroneously attempts to apply the Mississippi Litigation Accountability Act to federal proceedings.

**2. The Court Should Consider Imposing Sanction Pursuant to Rule 11**

Federal Rule of Civil Procedure 11(c)(3) permits that "[O]n its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." *See Fed. R. Civ. Proc. 11(c)(3)*. The court should strongly consider such an order under these circumstances.

Federal Rule of Civil Procedure 11(b)(2) prevents an attorney from filing a federal complaint that "is not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law." *See Fed. R. Civ. Proc. 11(b)(2)*. In determining whether an attorney has met this obligation, the court applies the "snapshot rule," which focuses on the attorney's conduct as of the moment the document was signed. *Jordaan v. Hall*, 275 F. Supp. 2d 778, 787 (N.D. Tex. 2003). "Once the snapshot has been taken, the court measures Rule 11 compliance under an objective standard of reasonableness." *Id.* Consequently, "[w]here a reasonable amount of research would have revealed to the attorney that there was no legal foundation for the position taken, Rule 11 sanctions will be imposed." *Collin County, Texas v. Homeowners Association for Values Essential to Neighborhoods (HAVEN)*, 654 F.Supp. 943, 954 (N.D.Tex.1987) (citation omitted).

The entirety of the counterclaim is nothing more than gross and deliberate misinterpretations of law, disparaging remarks made towards the plaintiff, and denials as to the allegations in the complaint. To be clear, it is not just *some parts* of the counterclaim that fall into one of the foregoing categories, it is *every single paragraph*. A "reasonable amount of research" conducted by the defendant would have revealed that (1) nowhere does he state an independent claim for relief, (2) he misquotes and/or misinterprets 42 U.S.C § 1988, which applies to only prevailing parties and does not apply to pro se litigants, even attorneys, (3) the

7

Mississippi Litigation Accountability Act does not apply to federal claims, and (4) his demand that the court bar the plaintiff from prosecuting his claims until he is paid attorney's fees has no support anywhere in the law, and in fact, would violate the basic principles of the First Amendment. [1]

Interestingly, despite the defendant's repeated assertions that plaintiff has failed to state a claim, has acted "vexatiously" in bringing his complaint, and that sanctions on every ground imaginable should be imposed on the plaintiff for filing his complaint; the defendant *answered the complaint*. He did not file a motion to dismiss, which, if the defendant truly believed what his own counterclaim alleges, would be the proper course of action.

Perkins' counterclaim has no legal foundation. He clearly did not "conduct a reasonable inquiry into the law such that the document embodies existing legal principles or a good faith argument for the extension, modification, or reversal of existing law (*Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1024 (5th Cir. 1994)), and his counterclaim was filed specifically for "the purposes of delay or harassment." *Id*. Furthermore, Rule 11 "prohibits parties and attorneys from filing or making deliberately false pleadings or arguments to a court." *Vitatoe v. Kipp, Inc.*, No. 4:24-CV-5097, 2025 WL 1688108, at *10 (S.D. Tex. May 28, 2025).

Here, the counterclaim is replete with "false arguments" and deliberate misrepresentations of the law as it relates to sanctions against the plaintiff, the defendant's entitlement to attorney's fees, and his demand that the court bar the plaintiff from prosecuting his claims until Perkins is paid said fees. Moreover, the entire counterclaim is nothing more than an "improperly plead motion for sanctions." *JP Morgan Chase Bank v. State Bank,* supra.

---

[1] It is well-established that access to the courts is protected by the First Amendment. *Mills v. City of Bogalusa*, 112 F. Supp. 3d 512, 516 (E.D. La. 2015)

8

Rule 11 "*mandates* the imposition of sanctions when litigants violate the Rules' certification standards" (*Chambers v. NASCO, Inc.*, 501 U.S. 32, 66, 111 S. Ct. 2123, 2144, 115 L. Ed. 2d 27 (1991) (citing to Fed. R. Civ. Proc. 11) (emphasis added)); and the Court should strongly consider doing so here for the sole purpose of deterring future conduct from the defendant.

Finally, as initially pointed out, Perkins' counterclaims were drafted and signed by his attorney, Defendant Hale Freeland, who subsequently copied and pasted the frivolous counterclaims and then re-submitted them as his own (Dkt 10). Not only is this *two examples* of defendant Freeland presenting a frivolous pleading to the Court, but is prima facie evidence that Freeland has failed to "conduct a reasonable inquiry into the law" and that both his, and his client's counterclaims were lazily crafted for "the purposes of delay or harassment." <u>Childs v. State Farm Mut. Auto. Ins. Co.,</u> <u>supra</u>. The facts alleged in the complaint against Perkins and those alleged against Freeland are markedly different and distinct, and it may be worthwhile for the court to consider whether this "dual representation" by defendant Freeland is presenting an inherent conflict of interest.

## IV. <u>CONCLUSION</u>

Not only has the defendant failed to state a claim as a matter of law, he has also grossly misinterpreted the law in multiple areas and submitted to the court what cannot be considered anything other than a frivolous pleading. The defendant's counterclaim must be dismissed as a matter of law and sanctions based on the court's inherent authority should be considered as well to deter future violations of Rule 11.

Dated: November 17, 2025

Respectfully submitted,

Robert Sullivant Jr.
*Plaintiff Pro Se*
1002 Crawford Cir.,
Oxford, MS 38655
(512) 739-9915
robert@steelandbarn.com