## IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**ROBERT SULLIVANT JR.,**                                                 **PLAINTIFF**

**v.**                                                                       **CAUSE NO. 3:25-cv-289-SA-JMV**

**SWAYZE ALFORD, JUDGE ROBERT
WHITWELL, DR. FRANK PERKINS, MIKE
ROBERTS, HALE FREELAND, JUDGE
LAWRENCE LITTLE, HOLCOMB DUNBAR,
PLLC., and
JOHN AND JANE DOES 1-10**                                                   **DEFENDANTS**

---

### RESPONSE TO MOTION TO DISMISS AND RESPONDENT'S MOTION FOR VOLUNTARY DISMISSAL OF COUNTERCLAIM

---

COMES NOW, J. Hale Freeland and pursuant to Rule 41 of the Federal Rules of Civil Procedure, responds to the motion to dismiss (Dkt 38) and moves to voluntarily dismiss the counterclaim filed as a pro se attorney (Dkt 10). In support thereof, J. Hale Freeland would show:

1. Appellant/Plaintiff Robert Sullivant, Jr. ("Plaintiff Sullivant, Jr.") filed a complaint in Circuit Court asking the Circuit Court to hold Defendants J. Hale Freeland and Freeland Martz, PLLC liable, claiming that they were liable for an abuse of process for filing a motion to quash his subpoena (Exhibit A, Circuit Court Complaint).

2. The Chancery Court granted the motion to quash the subpoena because it failed to comply with the Rules of Civil Procedure (Exhibit B, Chancery Court Order granting the motion to quash).

3. The Plaintiff Sullivant, Jr. personally attacked the Chancellor who ruled against him in the Conservatorship and in the motion to quash, and in doing so asked the Chancellor to recuse himself. The Motion to Recuse was initially denied, then appealed by the Plaintiff Sullivant, Jr (Exhibit C, *Sullivant Jr. v. Sullivant, Sr.* (2023-M-00847-SCT), Defendant's Motion to Recuse).

4. Plaintiff Sullivant, Jr. filed a "Motion to void the order quashing a subpoena of non-party witness Frank Perkins." (Exhibit D)

5. Plaintiff Sullivant, Jr. also filed interrogatories and requests for production to Dr. Perkins after the Chancery Court entered its order quashing the subpoena on Dr. Perkins.

6. The Chancery Court struck the discovery request, which the Uniform Chancery Court rules do not provide for without leave of court.  In its Order striking Plaintiff Sullivant, Jr.'s discovery request, the Chancery Court said that it related to the issues "previously decided" and would not be revisited because the request was "frivolous and as such is a violation of Miss. R. Civ. P. 11(b)." (Exhibit E, Order of chancery court striking post-trial discovery and imposing sanctions upon Plaintiff Robert Sullivant, Jr)

7. Plaintiff Sullivant, Jr. filed a complaint in Circuit Court asking the court to hold Defendants J. Hale Freeland and Freeland Martz, PLLC liable, and claiming that the defendants committed an abuse of process by filing a motion to quash his subpoena.  In his complaint, Plaintiff Sullivant, Jr. alleged that the Defendants' motion to quash constituted "negligence/gross negligence," caused him emotional distress, and that

Defendants J. Hale Freeland and Freeland Martz, PLLC should be liable for punitive damages (Exhibit A, Circuit Court Complaint).

8. Two Chancellors found proper Defendants J. Hale Freeland and Freeland Martz, PLLC's process challenging the Plaintiff Sullivant, Jr.'s subpoena when the motion to quash was granted. The Circuit Court found the complaint frivolous and warned Plaintiff Sullivant, Jr. if he filed another frivolous pleading the court would be inclined to sanction him (Exhibit F, Order Dismissing Circuit Court Case).

9. Despite the counsel of three judges, Plaintiff Sullivant, Jr. appealed the Circuit Court's dismissal. The Mississippi Court of Appeals subsequently affirmed the Circuit Court's decision, holding that the filing of a motion to quash a deposition subpoena was "authorized by the court rules and is among 'routine actions of a lawyer representing a client. The motion served its intended purpose because the subpoena was quashed….The circuit court committed no error in granting Freeland's motion to dismiss." *Sullivant v. Freeland,* 404 So. 3d. 1281, 1286 (¶ 13) (Miss. Ct. App. 2025).

10. The Mississippi Court of Appeals, in an en banc order, imposed sanctions against Sullivant Jr. for pursuing a frivolous appeal. The court observed that "the circuit court warned Sullivant, his complaint was frivolous, and future filings would be subject to sanctions. We find that a reasonable person would have known that Sullivant's appeal had no hope of success. Therefore, we find the appeal is frivolous, and Freeland's motion for monetary sanctions is well taken." *Sullivant v. Freeland En Banc Order* (No. 2023-CP-01393-COA) (March 3, 2025), (Exhibit G).

11. The complaint in this action arises under the same facts and circumstances that the Plaintiff Sullivant Jr. litigated in Chancery Court and in Circuit Court.

12. In a similar case before the Tenth Circuit Court of Appeals, A pro se plaintiff brought a RICO and fraud claim challenging an adverse condemnation ruling in state court. *Tal v. Hogan,* 453 F.3d 1244.(10th Cir. 2006). The appellate court affirmed the district court's dismissal of the claim applying the Rooker-Feldman doctrine prohibiting a party losing a state court proceeding from seeking redress in the district court based on allegations that the state court judgment violated the disappointed loser's federal rights. Id. at p. 1256-1257. *See, Rooker v. Fidelity Trust Company*, 263 U.S. 413, 415, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Similarly, this federal court lacks jurisdiction to hear Robert Sullivant, Jr.'s complaint against Freeland.

13. The complaint filed in this action and the prior actions filed against Freeland, which he has had to defend, are barred by the attorney immunity from suit, not merely a shield from liability. The purpose of attorney immunity is "'to ensure loyal, faithful, and aggressive representation by attorneys employed as advocates'" by avoiding "the inevitable conflict that would arise if [they] were 'forced constantly to balance [their] own potential exposure against [their] client's best interest'" *Cantey Hanger*, 467 S.W.3d 477, 481, 483 (Tex. 2015). This immunity extends to all actions taken in connection with representing a client in litigation, even wrongful conduct so long as it is not entirely foreign to the duties of an attorney. *See also Netterville v. Lear Siegler, Inc.,* 397 So. 2d 1109 (Miss. 1981) (affirming the absolute litigation privilege). In the recent case of *Ironshore Europe DAC v. Schiff Hardin, LLP*, 912 F.3d 759, 762 (5th Cir. 2019), Ironshore sued the law firm representing Ironshore's insured, Dorel, for what it called "negligent misrepresentation." Ironshore alleged that Schiff Hardin, during its representation of Dorel but "separate from its representation and defense of Dorel" made

misrepresentations and failed to disclose case developments that resulted in increased costs to Ironshore. *Id.* at 762-63. Schiff Hardin moved to dismiss the claim under the attorney immunity defense. The Fifth Circuit held that because the firm's "conduct falls squarely within the scope of the firm's representation of its client" the case should be dismissed for failure to state a claim under Rule 12. *Id.* at 767.

14. The undersigned determined that attorneys' fees are unavailable to be awarded to an attorney representing himself pro se. Accordingly, the undersigned offered Robert Sullivant Jr. to dismiss the counterclaim by stipulation. He declined. (Exhibit H, December 3 & 4, 2025 Freeland Sullivant emails with attachment). This does not change the frivolous nature of the Plaintiff's suit or the burden imposed upon the undersigned to defend it.

15. As an unlicensed pro se party, Robert Sullivant Jr. is not entitled to attorney's fees as he is not licensed to practice law. See: Miss Code § 73-3-55 (Only persons who are licensed to practice may receive an attorney's fee).

16. The undersigned attorney asks that this court waive the briefing requirement as this motion is straightforward, and the response provides the authority upon which the motion is based.

WHEREFORE, PREMISES CONSIDERED, Respondent prays that this court grant the motion for voluntary dismissal of the counterclaim filed in behalf of J. Hale Freeland in this proceeding.

RESPECTFULLY SUBMITTED, this the 5th day of December, 2025.

/s/ J. Hale Freeland
J. HALE FREELAND, MSB No. 5525, individually

FREELAND MARTZ PLLC
302 Enterprise Drive, Suite A
Oxford, MS 38655
662.234.1711
hale@freelandmartz.com

## CERTIFICATE OF SERVICE

I, J. Hale Freeland, pro se, hereby certify that I have on this date filed the above and

foregoing *Response to Motion to Dismiss* via ECF, which provides copies to all counsel of

record.

In addition, I have caused the document to be sent by electronic mail to Robert Sullivant

Jr. at robert@steelandbarn.com.

This, the 5th day of December, 2025.

/s/ J. Hale Freeland
J. HALE FREELAND