IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ROBERT SULLIVANT, JR.**                                                     **PLAINTIFF**

v.                                                         **CIVIL ACTION NO. 3:25-cv-289-MPM-JMV**

**SWAYZE ALFORD, JUDGE ROBERT WHITWELL,
DR. FRANK PERKINS, MIKE ROBERTS,
HALE FREELAND, JUDGE LAWRENCE LITTLE,
HOLCOMB DUNBAR, PLLC, AND
JOHN AND JANE DOES 1-10**                                       **DEFENDANTS**

## ORDER DENYING MOTION FOR SANCTIONS

THIS CAUSE came before the Court on Plaintiff Robert Sullivant, Jr.'s Motion for Sanctions. [Docs. 68, 69]. Defendants Hale Freeland and Dr. Frank Perkins have responded in opposition [Docs. 77, 78], to which Plaintiff has filed a reply. [Doc. 80]. This matter is fully briefed and ripe for decision. For the reasons stated below, Plaintiff's motion is DENIED.

Plaintiff filed his complaint on September 29, 2025. [Doc. 1]. Dr. Frank Perkins filed an answer and counterclaim against the Plaintiff on October 28, 2025. [Doc. 8]. By way of the counterclaim, Perkins seeks fees as a sanction pursuant to 28 U.S.C. § 1927. Also on October 28, 2025, Hale Freeland filed an answer and counterclaim against the Plaintiff. [Doc. 10]. Freeland likewise seeks, by way of his counterclaim, fees and expenses pursuant to 28 U.S.C. § 1927. Further, five motions to dismiss Plaintiff's complaint were filed by Swayze Alford, Judge Robert Whitwell, Holcomb Dunbar, PLLC, Dr. Frank Perkins, and Hale Freeland, respectively. [Docs. 15, 26, 30, 60, 62].

Plaintiff next filed two motions to dismiss, each seeking to dismiss the counterclaims for fees sought by Perkins and Freeland. [Docs. 37, 38]. And, on December 30, 2025, Plaintiff filed the instant motion for sanctions against Defendants Perkins and Freeland [Doc. 68]. In it, Plaintiff

1

seeks monetary and non-monetary relief for what he contends were their baseless counterclaims for fees and expenses.

On February 9, 2025, the presiding District Judge granted the Defendants' motions to dismiss the complaint. The court found a Federal Rule of Civil Procedure 12(b)(1) lack of subject matter jurisdiction over the complaint, and thereby dismissed it in its entirety as against *all* of the Defendants.

With respect to Defendants Perkins and Freeland's counterclaims for fees and the District Judge's dismissal of Plaintiff's claim for lack of subject matter jurisdiction, the District Judge explained: "Plaintiff's poorly veiled guise to overturn ongoing state proceedings through federal claims is an unnecessary multiplication of proceedings under § 1927. . . . Mr. Sullivant's attempt to use this Court as an instrument to harass the Defendants into changing their decisions in the state court or to have this Court make changes in his favor demonstrates an improper motive sufficient to invoke sanctions pursuant to 28 U.S.C. § 1927." [Doc. 84] at 10. Accordingly, the Court found fees and expenses awardable pursuant 28 U.S.C. § 1927 to *all* Defendants, and allowed them 10 days to file a calculation of the reasonable expenses and attorney fees accrued in defending against Plaintiff's claims in federal court.[Doc. 84].

As concerns the Plaintiff's own motion for sanctions against Perkins and Freeland, [Doc. 68] presently pending before the undersigned, I find that, premised—as it is—on Plaintiff's assertion that there is no legal basis for these Defendants' counterclaims for fees from Plaintiff, it is due to be summarily denied as without merit. Indeed, the District Judge has found the

counterclaims for fees and expenses not just colorable, but, in fact, meritorious.[1]

IT IS, THEREFORE, ORDERED that Plaintiff's motion for sanctions is denied. [Doc. 68].

**SO ORDERED**, this the 12th day of February, 2026.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[1] As earlier referenced, the district court has maintained jurisdiction over these counterclaims pending submission of a tally of reasonable fees and expenses, and, in fact, has found *all* Defendants are entitled to their fees and expenses reasonably incurred.