**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**ROBERT SULLIVANT, JR.**                                                          **PLAINTIFF**

**v.**                                                          **No. 3:25-cv-00289-MPM-JMV**

**SWAYZE ALFORD,** *et al.*                                                          **DEFENDANTS**

## MEMORANDUM OPINION

This cause comes before the Court on Defendants', Dr. Frank Perkins, J. Hale Freeland, Holcomb Dunbar, PLLC, Swayze Alford, and Judge Robert Q. Whitwell (collectively "Defendants"), Motions for Attorney Fees and Expenses [87], [88], [89], [90], [91]. *Pro se* Plaintiff, Robert Sullivant, Jr., has not responded to the motions. The Court, having reviewed the record and applicable case law, is now prepared to rule.

In its previous order [84], this Court placed sanctions on Mr. Sullivant pursuant to 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying the underlying proceedings and gave leave to all defendants to file a calculation of their reasonable expenses and attorney's fees they accrued in defending against Mr. Sullivant's claims. Within the time frame ordered, five defendants filed motions for attorney fees and expenses [87], [88], [89], [90], [91], so the Court will only consider granting the fees requested by the five relevant defendants.

## STANDARD OF REVIEW

Courts in the Fifth Circuit use a two-step process to determine the reasonableness of an award of attorneys' fees. *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 391 (5th Cir. 2016). The first step is for courts to use the lodestar method, a well-established process whereby "the number of hours reasonably expended" is "multiplied by the prevailing hourly rate in the community for similar work." *Hobbs v. Evo, Inc.*, 7 F.4th 241, 259 (5th Cir. 2021) (citing *Combs*, 62 F.3d at 392). This calculation requires the court to exclude all time that is duplicative, excessive, or inadequately

documented. *Combs*, 62 F.3d at 392. It is the burden of the party seeking reimbursement to establish the number of hours expended by presenting evidence for such. *See Walker v. City of Mesquite*, 313 F.3d 246, 250 (5th Cir. 2002) ("the plaintiffs are charged with the burden of showing the reasonableness of the hours they bill and, accordingly, are charged with proving that they exercised billing judgment.") (citing *Walker v. United States Dept. of Housing and Urban Development*, 99 F.3d 761, 770 (5th Cir. 1996)).

Second, courts then determine whether the lodestar amount should be increased or decreased based on the following twelve factors:

> (1) the time and labor required for the ligation; (2) the novelty and complication of the issues; (3) the skill required to properly litigate the issue; (4) whether the attorney had to refuse other work to litigate the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constrains; (8) the amount involved and the results obtained; (9) the experiences, reputation, and ability of the attorneys; (10) whether the case was "undesirable;" (11) the type of attorney-client relationship and whether that relationship was long-standing; and (12) awards made in similar cases.

*Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). While these factors may be helpful in reaching an attorney's fee award, many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double counted. *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205 (5th Cir. 1998) ("Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted."). "[T]he most critical factor" in determining the reasonableness of an attorney's fee award "is the degree of success obtained." *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 491 n. 31 (5th Cir. 2001) (quoting *Farrar v. Hobby*, 506 U.S. 103 (1992)); *see also Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). The fee applicant bears the burden of documenting the appropriate hours expended and hourly rates. *La. Power & Light Co. v. Kellstorm*, 50 F.3d 319, 324 (5th Cir. 1995).

2

## ANALYSIS

Mr. Sullivant failed to respond in opposition to any of the motions for attorney fees and as a result, the Court will accept the motions as unopposed and only evaluate the reasonableness of the requests through the Fifth Circuit's two-step lodestar analysis. *See Combs*, 62 F.3d at 391-92. Additionally, the Court recognizes that while Mr. Sullivant's claims were dismissed pursuant to the *Younger* Abstention doctrine, the defendants were forced to brief and analyze a multitude of issues and defenses as Mr. Sullivant's complaint raised a slew of allegations against over eight separate defendants. As a result, the high number of hours expended by the defendants and their counsel are reasonable despite the relatively short life cycle of this matter.

### I. Feasibility of *Pro se* Requests for Fees

Mr. Freeland, an attorney, filed a *pro se* motion for attorney fees in response to the Court's section 1927 sanctions. No Fifth Circuit precedent exists addressing whether a *pro se* party may request attorney fees pursuant to sanctions under 28 U.S.C. § 1927. A Court in this District has previously held that a *pro se* party may request attorney's fees under Rule 11 and Section 1927 sanctions as the goal of discouraging "the maintenance of untenable positions" would not be "frustrated by awarding attorney's fees to *pro se* defendants." *Prewitt v. Alexander*, 173 F.R.D. 438, 440-41 (N.D. Miss. 1996) (finding that the vehicle of Rule 11 and 28 U.S.C. § 1927 should allow *pro se* attorney defendants to request attorney's fees like other represented parties). As a result, the Court will evaluate Mr. Freeland's request for fees in the same vein as the other Defendants' requests.

### II. Attorney Fees Requests

Dr. Perkins is represented by J. Hale Freeland of Freeland Martz, PLLC. His attorney seeks a compensation total of $14,874.39, representing 64.9 hours of attorney and paralegal work. Dr.

3

Perkins has provided an itemized statement of the services rendered, which shows that of the 64.9 hours worked: 42.8 hours of work are attributable to Mr. Freeland's work; 14.4 hours attributable to paralegal work; 0.3 hours charged at a reduced rate of $80 dollars an hour; and 7.4 hours of non-billable work. For these hours, Dr. Perkins requests a rate of $300/hour for Mr. Freeland, and $135/hour for his paralegal. He also seeks $90.39 in case expenses.

Mr. Freeland, acting *pro se*, requests $11,503.50 in fees as compensation for 45.2 hours of attorney work. His itemized service statement shows the following: 33.5 hours worked himself at a rate of $300/hour; 6.1 hours worked by his paralegal at a rate of $135/hour; 1.8 hours worked at an increased rate of $350/hour; and 3.8 unbillable hours worked. While Mr. Freeland represented Dr. Perkins in this matter as well, his work and expenses in defending himself are additional, rather than duplicative, expenses he incurred which merits its own request for fees.

Holcomb Dunbar, PLLC is represented by Sean Mount, a General Partner, and Eric Granberry, an Associate, of Deutsch Kerrigan, LLP. Their attorneys incurred 124.2 hours of work resulting in $25,792.00 in fees. The itemized statement of services excludes administrative and clerical work and can be broken down as follows: 28.6 hours attributable to Mr. Mount's work at a rate of $250/hour; and 95.6 hours of work by Mr. Granberry at a rate of $195/hour.

Mr. Alford is represented by Phelps Dunbar LLP. His attorneys seek fees totaling $12,502.50 for 68.6 hours of work in this matter. Their provided statement of services is broken down as follows: Mark N. Halbert and J. Wyly, III, Partners, worked 5.5 and 1.9 hours respectively at a rate of $225/hour; Lauren R. McCrory, Associate, worked 55.5 hours at a rate of $185/hour; and the firm's paralegals worked 5.7 hours at a rate of $100/hour.

Judge Whitwell is represented by J. Cal Mayo, Jr., Paul B. Watkins, Jr., and J. Andrew Mauldin of Mayo Mallette PLLC in this matter. He requests $37,144.45 in compensation for

4

$325.80 in litigation expenses and their attorney fees, accounting for downward adjustments and discounts, attributed to 121.3 hours of work. The statement of services indicates: J. Cal Mayo, Jr. and Paul B. Watkins worked 26.2 and 1.2 hours respectively at a rate of $400/hour; J. Andrew Mauldin worked 72.5 hours at a rate of $350/hour; and the firm's paralegals worked 21.4 hours at a rate of $100/hour.

Mr. Sullivant's failure to respond to the attorney fee motions serves as an indication that the time expended and the hourly rates quoted by the Defendants are reasonable. *See Transamerica Ins. Co. v. Avenell,* 66 F.3d 715, 722 (5th Cir. 1995). The Defendants obtained a dismissal of this case and the attorney fee requests were made pursuant to this Court's placement of sanctions pursuant to 29 U.S.C. § 1929 on Mr. Sullivant. The Court reviewed the itemized statements of services provided by the Defendants. As a result, the Court finds that the hours recorded are reasonably expended and that the hourly rates listed by the Defendants are comparable to prevailing rates in the community for similar work. The foregoing fee amounts requested by Defendants are appropriate under this Court's lodestar analysis.

The Court recognizes that Judge Whitwell's requested fees are noticeably higher than the other Defendants' requests, but the Court still finds his fees reasonable. The actual hours expended by Judge Whitwell's counsel are similar to the hours expended by Holcomb Dunbar, PLLC's counsel so there is no unreasonableness in the time spent on the matter. Judge Whitwell's costs were higher because, unlike the other defendants' counsel, most of the work was performed by a partner who billed at a rate of $350/hour as opposed to an associate who would bill at a lower rate. Mayo Mallette also billed the greatest number of paralegal hours when compared to the other Defendants. In short, they used less associate time. There is no indication that using more of a

partner's time is an unreasonable practice and combined with Mr. Sullivant's failure to oppose the motion, the Court concludes that Judge Whitwell's higher fee is acceptable.

Once the lodestar is determined, it may be adjusted upward or downward in accordance with the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The lodestar should only be enhanced in exceptional cases. *Von Clark v. Butler*, 916 F.2d 255, 260 (5th Cir.1990). No Defendant is seeking an enhancement of the lodestar and Mr. Sullivant neither disputes the lodestar nor requests a downward adjustment. factors. The Court considered many of the *Johnson* factors when determining the lodestar, such as time and labor required; novelty of the issues; the skill required; the attorney's customary fee; and the results obtained. For brevity, since Mr. Sullivant's failed to dispute the fee requests, and since no party seeks an adjustment to the lodestar, the Court will not address each remaining factor in this opinion. However, the Court will note that it reviewed all twelve *Johnson* factors and finds that no adjustment to the above lodestar is necessary.

## CONCLUSION

**ACCORDINGLY**, the Defendants' Motions for Attorney Fees [87], [88], [89], [90], [91] are **GRANTED**. Mr. Sullivant is hereby **ORDERED** to pay Dr. Frank Perkins $14,874.39; Mr. J. Hale Freeland $11,503.50; Holcomb Dunbar, PLLC $25,792.00; Mr. Swayze Alford $12,502.50; and Judge Robert Q. Whitwell $37,144.45.

A separate judgment in accordance with this order will be entered on this date.

**SO ORDERED** this 13th day of April, 2026.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

6